IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LARRY W. NIXON AND AMY B. NIXON,
HUSBAND AND WIFE, AND MICHAEL D.
LATHEM, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED                                                                                           PLAINTIFF

V.                                          NO. 4:11CV00125

AGRIBANK, FCB                                                                                  DEFENDANT

## ORDER

Pending is Defendant's motion to dismiss. (Docket # 14). Plaintiff has filed a response and Defendant has filed a reply. For the reasons set forth herein, Defendant's motion is GRANTED.

Facts

On January 12, 2011, this action was commenced in the Circuit Court of Van Buren County, Arkansas. On February 11, 2011, Defendant removed the action to this Court based on federal question and diversity jurisdiction. Plaintiffs' action seeks a declaratory judgment to quiet title to the oil and gas rights identified in the Complaint. Plaintiffs allege that the Defendant's retention of these mineral rights beyond five years violates 12 U.S.C. §781 Fourth (b) of the former Federal Farm Loan Act of 1916.

Plaintiffs claim that they are successors in title to land located in Van Buren County Arkansas. The Nixons' interest was derived from a transfer of ownership from the Federal Land Bank of St. Louis to Plaintiffs' predecessors in title. The Federal Land Bank of St. Louis transferred title to all interest in the subject real property on October 10, 1938 except for a reservation of "an undivided one-half (1/2) of all oil, gas, coal and other minerals in, upon and

under the above described land." Defendant obtained all ownership interests of the Federal Land Bank of St. Louis in the Nixon property on May 1, 1992.

Mr. Lathem's ownership interest was derived from a transfer of ownership from the Federal Land Bank of Saint Louis to his predecessors in title on January 10, 1939. The Bank transferred title to all interest in the subject property except for a reservation of "undivided one-half (1/2) of all oil, gas, coal and other minerals in, upon and under the above described land."

Plaintiffs claim that the Defendant has leased the subject oil and gas rights to others and has received bonus money and royalties that properly belong to them. Defendant asks the Court to dismiss Plaintiffs' complaint for failure to state claims upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d

694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

The Court finds that Plaintiffs' action must fail as the Defendant's retention of the mineral rights herein was not subject to the former statutory five-year holding period set forth in 12 U.S.C. §781 Fourth (b)(repealed 1971). The United States Supreme Court explained the purpose of the Federal Farm Loan Act as follows:

> The purpose of the Federal Farm Loan Act and its subsequent amendments was to provide loans for agricultural purposes at the lowest possible interest rates. One method of keeping the interest rate low was to authorize the federal land bank to make a profit to be distributed to the shareholders in the form of dividends. Because the associations of farmer-borrowers were required by law to be shareholders, the distribution of dividends effectively reduced the interest rates. This profit could be earned in two ways: interest from the loans on mortgaged lands and gains on the sale of lands acquired under the provisions of §781 Fourth.

*Federal Land Bank of Wichita v. Board of County Comm'rs*, 368 U.S. 146, 151-52(1961). The statute authorized federal land banks to acquire mortgaged lands but limited the period of ownership to five years unless special permission was obtained from the Farm Credit Administration. *Id*. at 148. Specifically, 12 U.S.C. §781 Fourth, provided as follows:

> Acquiring and disposing of property.-To acquire and dispose of-'(a) Such property, real or personal, as may be necessary or convenient for the transaction of its business, which, however, may be in part leased to others for revenue purposes.'(b) Parcels of land acquired in satisfaction of debts or purchased at sales under judgments, decrees, or mortgages held by it. But no such bank shall hold title and possession of any real estate purchased or acquired to secure any debt due to it, for a longer period than five years, except with the special approval of the Farm Credit Administration in writing.

The Farm Credit Administration interpreted Section 781 Fourth (b) to exclude mineral

3

estates in 6 C.F.R. 10.64[1]. *See*, *Federal Land Bank of Wichita v. Board of County Comm'rs*, 368 U.S. at 155. Accordingly, the Defendant's retention of mineral rights in this case beyond five years is not subject to the limitation set forth in Section 781 Fourth (b). Plaintiff's reliance on this statute is misplaced. Further, "[i]t is well established that when a statute is repealed or otherwise becomes inoperative no further enforcement proceedings can take place unless 'competent authority' has kept the statute alive for that purpose." *Firstcom, Inc. v. Qwest Corp*. 555 F.3d 669, 676 (8th Cir. 2009) *citations omitted*. The 1916 Federal Farm Loan Act was repealed in its entirety by the Farm Credit Act of 1971, Pub. L. No. 92-181, 85 Stat. 624. Plaintiffs have not offered "competent authority" reflecting that this statute has been kept alive for enforcement proceedings.

Accordingly, Defendant's motion to dismiss is GRANTED.

IT IS SO ORDERED this 30th day of September, 2011.

*/s/ James M. Moody*
James M. Moody
United States District Judge

---

[1] "Holding mineral rights for more than 5 years. In cases where, in connection with a sale of bank-owned real estate, the bank has retained royalty or other rights in or to minerals, and desires to hold such rights for a period in excess of 5 years, it is not considered that the bank has both 'title and possession' of real estate within the meaning of section 13 Fourth (b) of the Federal Farm Loan Act (12 U.S.C. 781 Fourth (b) (12 U.S.C.A. s 781 Fourth (b))). However, retention of such minerals and mineral rights for periods in excess of 5 years, when in the bank's opinion it is in the bank's interest to do so, has the approval of the Administration.'